[No. 7,665.—Department One.]

## H. T. FAIRBANKS *v.* J. C. WILLIAMS.

CONVERSION—DAMAGES—FINDINGS.—In an action to recover damages for the taking of personal property, the Court found as direct and proximate damages that the plaintiff necessarily expended in the pursuit of the property certain sums as fees and necessary traveling expenses of his counsel, and as wages and traveling expenses of an agent necessarily employed: *Held*, that this finding was not sustained by the evidence.

APPEAL from a judgment for the plaintiff and an order denying a new trial in the Superior Court of Amador County. MOORE, J.

*Flournoy & Mhoon* and *Eagan & Phelps*, for Appellant.

*Edward Lynch* and *J. M. Porter*, for Respondent.

The COURT:

This is an action to recover damages from defendant for forcibly taking and entering into the possession of certain property of plaintiff, and depriving plaintiff of the use, possession, and control thereof, from November 4th, 1879, until January 19th, 1880.

The property is described in the complaint: " One twenty-stamp quartz-mill, with the engines, hoisting works, tools, and all other machinery connected with said mill; also, three hundred and sixty-eight cords of firewood; also, sixty round timbers, each from twelve to fourteen feet long; also, twenty-five short timbers, each five to nine feet long; also, three hundred bushels, more or less, of charcoal; also, a blacksmith-shop and tools thereunto belonging"—all situated on a certain tract of land particularly described.

The Court below expressly found that there was no evidence of any wrongful design or willful misconduct tending to aggravate the trespass, and that plaintiff was not entitled to recover exemplary or vindictive damages.

But as direct and proximate damages the Court found:

7. " That the plaintiff necessarily paid, laid out, and expended two hundred and eighty-five dollars as fees and necessary traveling expenses of counsel for advising the

plaintiff in the premises and conducting the proceedings necessary on the part of the plaintiff in procuring the restoration of the possession of said property.

8. "That the plaintiff necessarily paid to Frank J. Fairbanks the sum of five hundred and twenty-six dollars and thirty-eight cents as wages and traveling expenses in aiding the plaintiff in procuring the restoration of the possession of said property."

It may be admitted (but is not here decided), that the record before us shows which of the articles of property alleged to have been detained, were personal property; and that such articles were converted.

Section 3333 of the Civil Code authorizes a jury to find damages for the detriment proximately caused, and is, so far, declaratory of the common law. It leaves the question as to what are proximate damages where it was. The second subdivision of § 3336 of the same code permits a plaintiff in an action for the wrongful conversion of personal property to recover "a fair compensation for the time and money properly expended in the pursuit of the property."

So far as the case shows, the property attached in *Williams* v. *The Loyal Lead Company* was released by the plaintiff in that action (defendant in this) voluntarily. The only evidence bearing in any degree upon the question of release is found in the testimony of the present plaintiff, who says: "A few days after the present attachment I referred all my evidence of title to Mhoon (attorney for plaintiff in the attachment suit), who seemed to be satisfied, and said he would order the attachment released."

The same witness further says: "I forget how much I paid Frank (Frank J. Fairbanks), and I think I paid Lynch about two hundred and seventy dollars for expenses in getting the property released." It is true he adds: "The amounts stated in the complaint are correct."

The complaint alleges that "Vorgan, as agent of·defendant, demanded that plaintiff should make due and lawful proof of his ownership of the property, and that plaintiff was compelled to retain counsel and pay said counsel two hundred and eighty-five dollars as fees and necessary traveling expenses for advising the plaintiff in the premises and conducting the

proceedings necessary on plaintiff's part in proving his owner-ship and possession of the property; and that plaintiff was compelled to employ Frank J. Fairbanks, whose knowledge, testimony, and services were absolutely necessary to plaintiff in procuring such restoration, and was obliged to pay said Frank J. five hundred and twenty-six dollars as wages and traveling expenses, and money laid out in aiding plaintiff as aforesaid."

The foregoing averments of the complaint are specifically denied by the answer.

The Court below failed to find on the issues thus joined.

The statement of the plaintiff, as a witness, that "the *amounts* stated in the complaint are correct," taken in con-nection with what precedes it, is, giving the words their broadest signification, only a declaration that he had actually paid such amounts. They do not purport to be an avowal that the amounts paid were just and reasonable for the ser-vices preformed, or that the money was "properly expended." (Code Civ. Proc. 3336.) The witness could not determine the question of the propriety or necessity of the expenditure. That was a matter for the Court to determine.

The Court did determine it in findings seven and eight, above quoted. But there is no evidence in the transcript to sustain the findings, that plaintiff necessarily paid two hundred and eighty-five dollars to counsel or five hundred and twenty-six dollars and thirty-eight cents to Frank J. Fair-bank. Assuming for the purposes of this appeal, that § 3336 of the Civil Code is applicable, the plaintiff could only re-cover " a *fair* compensation for the time and money *properly expended* in *pursuit* of the property."

We are of opinion that the interests of justice will be subserved by a new trial of this action.

Judgment reversed and cause remanded for a new trial.