[S. F. No. 184.   Department Two.—October 6, 1896.]

THE LIVESTOCK GAZETTE PUBLISHING COMPANY, RESPONDENT, *v.* THE UNION STOCKYARD COMPANY, ET AL., APPELLANTS.

DAMAGES—DETENTION OF PERSONAL PROPERTY—COMPENSATION.—In an action to recover the possession or value of personal property wrongfully detained by the defendant, and damages for its detention, the plaintiff is entitled to such damages as would compensate him for all the detriment proximately caused by the wrong complained of.

ID.—RIGHT TO DAMAGES—NEW TRIAL—FINDING AGAINST EVIDENCE—SPECIFICATION OF INSUFFICIENCY — PRESUMPTION UPON APPEAL. — When a new trial was granted for insufficiency of the evidence to

justify the decision that the plaintiff was not entitled to recover damages for the detention of his property by the defendants, that being the only point made by the motion, a specification in the statement on motion for a new trial that "the evidence being wholly undisputed and uncontradicted as to the damage, the decision of the court should have been for such an amount as would compensate the plaintiff," is sufficient to support the order granting a new trial, and it will be presumed upon appeal from an order that all the material evidence on the question of damages was embodied in the statement, and that the only issue raised by the motion was fairly and fully presented to the consideration of the court.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a new trial. CHARLES W. SLACK, Judge.

The facts are stated in the opinion of the court.

*Lloyd & Wood,* for Appellants.

The bill of exceptions did not contain any sufficient specifications of the particulars in which the evidence is claimed to be insufficient to sustain the findings. It should distinguish each particular proposition of fact excepted to from all others found by the court. (*Dawson* v. *Schloss,* 93 Cal. 200.) Plaintiff was not entitled to recover exemplary damages, without a showing of malice, fraud or oppression on the part of the defendants. (*In re Eschrich,* 85 Cal. 101.)

*F. William Reade,* for Respondent.

The object of specifications is simply to direct the attention of the adverse party to the particular point on which the evidence is claimed to be insufficient, (*McCullough* v. *Clark,* 41 Cal. 304; *Tromans* v. *Mahlman,* 92 Cal. 5; *Du Brutz* v. *Jessup,* 54 Cal. 118; *Newell* v. *Desmond,* 63 Cal. 242.)

THE COURT.—This is is an action to recover the possession or value of certain personal property alleged to be wrongfully detained by defendants, and damages for its detention. The court below found among other things, as follows: That the plaintiff was the owner and

entitled to the possession of the property described in
the complaint, and that the defendants unlawfully with-
held the same from the plaintiff.   "That the value of
said property is seven hundred and fifty dollars."
"That the plaintiff has not suffered any damage by
reason of the detention of said personal property by
the defendants, nor have the defendants been guilty of
oppression, or fraud, or malice."

And  as conclusions of law the  court found: " That
the plaintiff is entitled to the possession of all the per-
sonal property described in the complaint, if a delivery
thereof can be had, or the value thereof, viz., the sum
of seven hundred and fifty dollars, in case a delivery
cannot be had, with costs of suit.

Judgment was so entered, and in due time the plain-
tiff moved for a new trial upon the ground of the in-
sufficiency of the evidence to justify the decision.

The motion was made upon a bill of exceptions,
which stated that "Upon the trial of said cause the fol-
lowing evidence was submitted to the court, and which
was all the evidence offered or introduced upon the
matter, or relevant to the issue of damages claimed to
have been suffered by plaintiff."

There was then set out the testimony of six witnesses,
which tended to show that the plaintiff had been dam-
aged by the detention in a very considerable sum.   Fol-
lowing this evidence was a specification of the particulars
wherein the evidence is insufficient to justify the de-
cision, as follows: " The real question before the court
being a question of damages claimed by plaintiff for the
wrongful detention of its property, and the evidence
being wholly undisputed and uncontradicted as to the
damage, the decision of the court should have been for
such an amount as would compensate the plaintiff."

The motion was heard by the successor of the judge
who tried the case, and granted " upon the ground that
the evidence is insufficient to justify the decision."
From that order the defendants appeal.

The only point made for a reversal is that the speci-

fication was insufficient to meet the requirements of the statute, and the order of the court was therefore unauthorized.

Under our statute a motion for a new trial may be made upon a bill of exceptions or a statement of the case. (Code Civ. Proc., sec. 658.) And it is provided as to bills of exceptions that "no particular form of exception is required, but when the exception is to the verdict or decision, upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient."

We think that under the circumstances of this case the specification should be held sufficient. The bill of exceptions expressly shows that the only question to be raised on the motion for a new trial was as to whether or not plaintiff was entitled, under the evidence, to damages for the detention of the property; the bill includes all the evidence bearing on that question; and the specification points to the sole question professedly involved in the motion, and directs attention to that point, so that the opposite party might see that all the evidence bearing on the issue, and proper to be considered by the court, was set forth in the bill. (*McCullough* v. *Clark*, 41 Cal. 304; *Eddelbuttel* v. *Durrell*, 55 Cal. 279; *Newell* v. *Desmond*, 63 Cal. 242; *Tromans* v. *Mahlman*, 92 Cal. 5.) We certainly think the specification sufficient in the case at bar, where the court made an order granting the motion for a new trial, and all intendments are in support of the correctness of that order; and we may justly presume, from the facts appearing on the face of the record, that the only issue raised by the motion was fairly and fully presented to the consideration of the court.

It was not necessary for the plaintiff to prove oppression, fraud, or malice. Under such proof he might have been awarded exemplary damages (Civ. Code, sec. 3294), but without it he was entitled to such damages as would compensate him for all the detriment proximately

caused by the wrong complained of.   (Civ. Code, sec. 3333.)

The order appealed from is affirmed.