THIES v. THOMAS.

(Supreme Court, Trial Term, New York County. May 22, 1902.)

1. AUTOMOBILES—RUNNING OVER CHILD—BURDEN OF PROOF.
    In an action for the death of a boy run over by an automobile, plaintiff must satisfy the jury that there was no contributory negligence over and beyond the negligence of defendant.

2. SAME—CARE OF DECEASED.
    A six year old boy, if of sufficient discretion and ability, is bound to exercise that degree of care to be reasonably expected of one of his age.

3. SAME—QUESTION FOR JURY.
    In an action for the death of a six year old boy, run over by an automobile, the question whether his being or playing on the street was contributory negligence was for the jury.

4. SAME—CONTRIBUTORY NEGLIGENCE—WHAT CONSTITUTES.
    If an automobile comes upon a boy under circumstances calculated to produce fright or terror, and such fright causes an error of judgment, by which he runs in front of the automobile, he is not guilty of contributory negligence.

5. SAME.
    The mere fact that a six year old boy, run over by an automobile, was found in the street and played on the street, is not per se negligence in his parents, but the question is for the jury.

6. SAME—SPEED—LAWS REGULATING SPEED.
    An owner or operator of an automobile cannot escape responsibility for running over a boy by merely showing that the speed of his automobile did not exceed the limit fixed by law.

7. SAME—CARE REQUIRED OF OPERATOR.

    An operator of an automobile is bound to anticipate that he may meet persons at any point in a public street, and must keep a proper lookout for them, and have his machine under such control as will enable him to avoid a collision with another person, also using proper care and caution, and, if necessary, must slow up, and even stop.

8. SAME.

    Where the operator of an automobile meets children of tender years, he is required to exercise more than ordinary care to avoid collision.

9. SAME—ACCIDENT BETWEEN BLOCKS.

    In an action for the death of a boy run over by an automobile the jury may consider on the issue of negligence the fact that the accident did not happen at a street crossing, but at a point between blocks.

Action by Frank H. Thies, as administrator of Henry Thies, deceased, against Edward R. Thomas, to recover damages caused by defendant's having run over deceased, a boy between six and seven years of age, with his automobile. Judgment for plaintiff, and new trial denied.

Christian G. Moritz and Henry Hoyt, for plaintiff.

Hoadly, Lauterbach & Johnson (Alfred Lauterbach, of counsel), for defendant.

FREEDMAN, J. Gentlemen of the Jury: The fact that I denied the defendant's motion for a dismissal of the complaint, and that I denied the defendant's motion for a direction of a verdict, must not be taken by you as an indication that I thereby meant that the plaintiff is entitled to a verdict in any event. All that these rulings meant was that the case is one which is to be disposed of by the jury upon conflicting facts, and upon the inferences to be drawn from the facts as they may be found to be true. It is, therefore, a case upon which the jury may find either way, as they may determine the facts. The responsibility for determining what the proper facts were in this case rests with you. You are the judges of the facts, and you must discharge your duty uninfluenced by mere statements of counsel which are not supported by the evidence nor supported by the instructions which I will give you. But, while you are the judges of the facts, it is your duty to take the law as the court will lay it down for your guidance, and to apply it to the facts as you may find them.

This action is brought by the plaintiff, as administrator, for the benefit of the next of kin of the boy who was killed. The action is founded upon a charge of negligence, and in every such case the rule is strict that the plaintiff, before he can recover, must satisfy the jury by a preponderance of the evidence that the injuries complained of were the result of defendant's negligence, exclusive of any other primary cause. If the injuries were the result of an accident which occurred in spite of the exercise of the proper care by all parties to the transaction, however great a hardship it may involve, the plaintiff is without any remedy in the law. Another rule which is strict in this class of cases, and always enforced is, as a general rule, that the plaintiff must satisfy the jury that there was no contributory negligence over and beyond the negligence of the defendant. In the case of contributory negligence the rule is that, if there was any, no matter

in how slight a degree, the plaintiff is not entitled to a verdict, no matter how grossly negligent the defendant may have been.   Now, these rules are complicated in this case by reason of the fact that plaintiff's intestate, the boy who was killed, at the time of receiving the injury was only between six and seven years old.   This makes it your duty to determine, as the first question, whether the boy was sui juris; that is to say, whether he had at that time sufficient discretion and ability so that he could be left with a reasonable degree of safety in the street alone to take care of himself, such as the street then was. If, upon all the facts appearing in evidence and bearing upon this point, you come to the conclusion that the boy had sufficient discretion and ability, he was responsible for his acts, and you need not inquire into the negligence of his parents.   He was then bound to exercise that degree of care which can be reasonably expected of one of his age and condition under the same circumstances, and, if he failed to exercise that degree of care, and such failure contributed to the injury, the defendant is entitled to a verdict.   Being or playing upon a street is not of itself contributory negligence in such a child; but whether it was or not in this case, in the condition of the street in question at the time, it is for you to say.   So a mere error of judgment on the part of the deceased was not of itself contributory negligence.   If the automobile in question came upon the deceased under circumstances calculated to produce fright or terror, and such fright or terror was produced thereby, and this caused an error of judgment, by which the boy ran in front of the automobile, it was not contributory negligence.   If you should come to the conclusion, however, that the boy had not sufficient discretion and ability, within the rules laid down, and that what he did or omitted to do would, under the same circumstances, have been contributory negligence in a child having sufficient discretion, you must then, as the next question, inquire into the negligence of his parents, in whose keeping he must then be deemed to have been.   Here again I have to charge you that the mere fact that the boy was found in the street and played upon the street is not per se negligence in the parents.   Whether it was or not in this case, in the condition of the street in question, it is for you to say.   At all events, to constitute negligence in the parents, or either of them, there must have been an omission of such care as parents of ordinary prudence exercise and deem adequate under the same circumstances.

If, therefore, upon the whole of the evidence, you should find that, although the boy had not sufficient discretion and ability, within the rules laid down, yet that what he did or omitted to do would, under the same circumstances, have been contributory negligence if he had had such discretion, and that his parents, or either of them, were guilty of an omission of such care as persons of ordinary prudence would have exercised and deemed adequate under the same circumstances, and that the omission of such care on the part of the parents, or either of them, contributed to the injury, your verdict must be for the defendant.   But if you should find either that the boy, whether of sufficient discretion and ability or not, was wholly free from negligence on his part which contributed to the injury,

or that, though the boy would have been guilty of contributory negligence if of sufficient discretion and ability, such negligence is unavailable to the defendant by reason of the boy's want of discretion and ability at the time, and that his parents were also free from negligence on their part which contributed to the injury, then in either such case you must proceed further, and inquire into the negligence of the defendant. Now, the deceased was killed by an automobile in charge of the defendant at the time. It is claimed by the plaintiff that the automobile at the time was run at an excessive speed. But that is not the most important point. The mere rate of speed, whether high or low, lawful or unlawful, is immaterial unless it entered into the cause of the accident. In the case at bar there is not even any evidence showing what the lawful rate of speed is for an automobile. An automobile is a vehicle of quite recent times, carrying its motive power within itself, but as such it has the same duties to perform, when meeting pedestrians, or other vehicles, in the streets of this city, which other vehicles are subjected to. There are vehicles drawn by horses, and there are trolley cars moved by electricity conveyed either overhead or under ground, and each is permitted to go at a certain rate of speed; but it has never been the law, and it never will be the law, that the driver of a horse and wagon or the motorman of a trolley car may escape responsibility for a collision by simply showing that at the time of the collision he did not exceed the limit of speed fixed by law or the ordinances of the city, as a general rule. On the contrary, the law has always been, and yet is, that every driver of a horse and wagon and every motorman of a trolley car is bound to anticipate that persons on foot or in other vehicles may be met at any point in a public street, and therefore bound to look out for them, and to keep his horse and wagon or his trolley car constantly under such control as will enable him to avoid a collision with another, if possible. Even steam railroads, owning their own roadbed, have been held liable in damages for any collision which could have been avoided by the exercise of proper care and caution on their part, provided there was no contributory negligence in the person injured. No owner or operator of an automobile is, therefore, exempt from liability for a collision in a public street by simply showing that at the time of the accident he did not run at a rate of speed exceeding the limit allowed by law or the ordinances. On the contrary, no matter how great the rate of speed may be which the law and the ordinances permit, as a general rule— although in this case there is no evidence—he still remains bound to anticipate that he may meet persons at any point in a public street, and he must keep a proper lookout for them, and keep his machine under such control as will enable him to avoid a collision with another person also using proper care and caution. If necessary, he must slow up, and even stop. No blowing of a horn or of a whistle, nor the ringing of a bell or gong, without an attempt to slow the speed, is sufficient, if the circumstances at a given point demand that the speed should be slackened or the machine be stopped, and such a course is practicable, or, in the exercise of ordinary care and cau-

tion proportionate to the circumstances, should have been practicable. The true test is that he must use all the care and caution which a careful and prudent driver would have exercised under the same circumstances. On the other hand, every such operator of an automobile. has the right to assume, and to act upon the assumption,, that every person whom he meets will also exercise ordinary care and caution according to the circumstances, and will not negligently or recklessly expose himself to danger, but, rather, make an attempt to avoid it. It is only when such an operator has had time to realize, or by the exercise of a proper lookout should have realized, that a person whom he meets is in a somewhat helpless condition, or in a position of disadvantage, and therefore seemingly unable to avoid the coming automobile, that the operator is required to exercise increased exertion to avoid a collision. This applies peculiarly when children of tender years are met.

The case, therefore, practically comes down to this: Whether, under all the circumstances, taken together, the defendant, in the exercise of ordinary care and caution, as defined by me, and proportionate to the circumstances, could in fact have avoided the collision which caused the death of plaintiff's intestate. If he did exercise all the care and caution that was required under all the circumstances, then he was not guilty of negligence, and defendant is entitled to a verdict, because in such case it was an unavoidable accident. But if the defendant was negligent in some way within the rules laid down by me, and thus caused the collision, the plaintiff is entitled to a verdict,—always provided, however, that there was no contributory negligence within the rules laid down by me. When a person is injured no presumption arises that he was free from contributory negligence, and no presumption arises that anybody else is to blame. It is not enough for the plaintiff to prove facts from which either the conclusion of negligence or the absence of negligence may, with equal fairness, be drawn; but the burden of proof is upon the plaintiff to satisfy the jury by a preponderance of evidence that there was no contributory negligence within the rules laid down by me, and that the negligence of the defendant was the sole cause of the accident. Unless the plaintiff has established both these points by a fair preponderance of evidence, the defendant is entitled to your verdict, and in such case you have no right to deprive the defendant of the benefit of the rule. A failure, therefore, to establish either proposition by a preponderance of evidence is fatal to the plaintiff's case. But by a preponderance of evidence I do not mean a preponderance in point of number of witnesses, but a preponderance of facts and circumstances that carry conviction to your minds.

The result of these technical rules is that if, upon a consideration of all the facts and circumstances, inclusive of the probabilities to be fairly drawn from the facts which you find to be true, you cannot in your own minds say upon which side the evidence preponderates, that then it is an evenly-balanced case, and in such case your verdict must be for the defendant. You have seen all the witnesses who appeared on both sides upon the stand, you have heard their

testimony, you have observed the manner in which they gave it, and it is for you to say how much or how little credit you will attach to the testimony of each and every one of them. In case you find for the plaintiff upon the whole issue, your final duty will be to assess the damages. In estimating these damages you are not to consider the pain and suffering of the deceased during the time preceding his death, nor the anguish and distress of mind or the bodily suffering of the next of kin consequent upon his death. They are to be estimated, as the statute—which alone enables the plaintiff to bring this action—says, with reference to the pecuniary injuries resulting from the death to the next of kin. The reason is this: At common law no action could be maintained for any damage resulting from death. The law as it then stood only contemplated a criminal prosecution in case of criminal negligence which caused a death. In the course of time a statute was passed giving to the next of kin the right to bring an action for damages, but limiting the right of recovery to the pecuniary injuries sustained by them by reason of the death, and such pecuniary damage was in no event to exceed the sum of $5,000. The limit of $5,000 has been removed by the adoption of a constitutional amendment, but the requirement that the injury for which a recovery may be had must be of a pecuniary character has been retained. The damages, therefore, must be limited to such as are both compensatory and pecuniary. In no aspect of the case can you give exemplary or punitive damages. So you must not be influenced by mere sympathy for the plaintiff, or by prejudice against the defendant; and the fact that the defendant may or may not be wealthy is not to enter into your deliberations. You are, therefore, to look at all the circumstances surrounding the life of the deceased, his condition up to the time of his death, the condition of his next of kin; and to carefully consider the probable chances and the vicissitudes of life of the deceased, the probable chances as to whether the deceased, had he continued to live, would have been of pecuniary benefit to his next of kin, not only during his minority, but also beyond that, and then say whether by his death the next of kin have sustained any pecuniary damages. If they have not, the defendant is entitled to a verdict. If they have, within the rules laid down, you will give to the plaintiff a verdict in an amount which, under all the circumstances, is fair and reasonable.

If there is anything else that counsel desires me to add they will make their requests known.

Mr. Lauterbach: In relation to damages, I request your honor to charge the jury that a son is entitled to the support and maintenance from the father until he shall arrive at the age of 21 years, and that the father is entitled to the earnings of the child during that period only, and accordingly the jury must take into consideration the expense imposed upon the parents in the performance of that obligation, to determine whether they sustained any actual pecuniary injury.

THE COURT: I so charge, and I have, in effect, so charged.

Mr. Lauterbach: I also ask your honor to charge the jury that in considering the question of negligence the jury may take into

consideration the fact that this accident did not happen at a street crossing, but at a point between blocks.

THE COURT: I so charge.

The jury then retired.

Verdict: The jury rendered a verdict for the plaintiff, and assessed the damages at the sum of $3,125.

Defendant's counsel moves for a new trial upon all the grounds specified in section 999 of the Code of Civil Procedure. Motion denied. Exception by the defendant. Stay of 30 days after notice of entry of judgment. Plaintiff's counsel granted 5 per cent. allowance.