[Civ. No. 327. Third Appellate District.—December 17, 1907.]

## L. A. LYNCH, Appellant, v. CHARLES McGHAN, Respondent.

CONVERSION—INTEREST ON VALUE—VALUE OF USE—ERRONEOUS FINDING.—In an action for the conversion of personal property, the interest on the value of the property converted, allowed by section 3336 of the Civil Code, is in lieu of the value of the use, and not in addition thereto; and where such interest is allowed, an additional finding as to the value of the use, which is included in the judgment, is erroneous.

ID.—MEASURE OF DAMAGES—CONSTRUCTION OF CIVIL CODE.—The general rule of section 3333 of the Civil Code, as to damages proximately caused, applies by its terms to cases not otherwise provided for, and the special measure of damages for the conversion of personal property is otherwise provided for in section 3336 of that code.

ID.—ORDER GRANTING NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EFFECT—DISCRETION.—Much must be conceded to the discretion of the trial court in granting a new trial for newly discovered evidence, though it may be cumulative. It is for the trial

court to determine whether it is of such a character as probably to affect the result on a new trial.

ID.—SUPPORT OF ORDER.—Where the order granting a new trial is in general terms, it will be sustained if it can be justified on any ground.

APPEAL from an order of the Superior Court of San Joaquin County, granting a new trial. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Jacobs & Flack, for Respondent.

BURNETT, J.—The appeal is from an order granting defendant's motion for a new trial.

The action was brought to recover damages for the conversion of six horses and some other personal property.

The court found that "plaintiff has been damaged by such unlawful conversion in the following specific amounts, namely: the sum of $252.60 cash taken from plaintiff; the sum of $160, the value of the aforesaid six horses; the sum of $17, the amount of time and money spent by plaintiff in the pursuit of the aforesaid property; the sum of $140, on account of the loss of use of the aforesaid six horses from the time of their conversion, and the sum of $22.60, which is the interest on the value of the aforesaid money and horses from the time of their conversion by defendant at the rate of seven per cent per annum, which makes the total amount of plaintiff's damages sustained in the premises the sum of $592.20."

It is obvious that this finding is erroneous, at least as to the $140 for the use of the horses.

The rule as to damages for the conversion of personal property is prescribed in section 3336 of the Civil Code as follows: "The detriment caused by the wrongful conversion of personal property is presumed to be: 1. The value of the property at the time of the conversion, with the interest from that time, or where the action has been prosecuted with reasonable diligence, the highest market value of the prop-

erty at any time between the conversion and the verdict without interest at the option of the injured party; and 2. A fair compensation for the time and money properly expended in pursuit of the property.''

The interest on the value of the property is the allowance provided by the statute in lieu of the value of the use of the property and not in addition thereto.

The question has been more or less considered in the following cases: *Douglass* v. *Kraft,* 9 Cal. 562; *Hamer* v. *Hathaway,* 33 Cal. 117; *Page* v. *Fowler,* 39 Cal. 412, [2 Am. Rep. 462]; *Barrante* v. *Garratt,* 50 Cal. 112; *McCray* v. *Burr,* 125 Cal. 636, [58 Pac. 203]; *Yukon River etc. Co.* v. *Gratto,* 136 Cal. 541, [69 Pac. 252].

Appellant claims that interest was allowed under said section 3336, and damages for the use of the stock under section 3333 of the Civil Code, and that these are concurrent sections. In support of the contention the following cases are cited: *Stevenson* v. *Smith,* 28 Cal. 103, [87 Am. Dec. 107]; *Fairbanks* v. *Williams,* 58 Cal. 242; *Livestock etc. Co.* v. *Union Co.,* 114 Cal. 447, [46 Pac. 286].

The language employed by the legislature precludes such construction and the cases cited are not in point.

Said section 3333 lays down a general rule of damages, and especially excepts the instances ''where otherwise expressly provided by this code.''

As we have seen, for the case at bar there is an express provision in said section 3336.

The Stevenson case, *supra,* was not in conversion, but was for the recovery of the possession of a mare and damages for her detention. It was properly held by the court that special damages must be pleaded.

The question involved in the Fairbanks case, *supra,* was as to the expense incurred in the pursuit of the property.

In the Livestock etc. case, the action was for the recovery of the possession of the property with damages for its detention or its value in case delivery could not be had. What is said by the court as to damages for the detention of the property must be considered in view of the nature of the action.

Again, one of the grounds upon which the motion for a new trial was based is ''Newly discovered evidence material

for the defendant which he could not, with reasonable diligence, have discovered and produced at the trial.'' Certain affidavits were introduced containing important statements bearing upon the issue as to the ownership of the property. Much must be conceded to the discretion of the trial court in the determination of the sufficiency of the newly discovered evidence to justify a new trial. This is true whether said evidence be cumulative or otherwise.

Admitting that it is cumulative, if the court had denied the motion on that ground it would be a sufficient reason for affirmance; but the contrary is not true that the order granting the motion should be reversed because the additional evidence is merely cumulative; because, as said in *Oberlander* v. *Fixen & Co.*, 129 Cal. 692, [62 Pac. 254]: "For in either case, it is for the trial judge to determine whether the evidence is of character probably to affect the result on a new trial; and unless the evidence be of such a character as to make it manifest and certain to this court that in the one case it would, or in the other that it would not, result differently on a retrial, the order will not be disturbed."

So here the newly discovered evidence is such that if the motion for a new trial had been either granted or denied on that ground it could not be said that the trial court was not justified in its action.

It does not appear upon what specific ground the motion was granted, as the order is in the following form: "And the court being fully advised, thereupon grants said motion for a new trial to the defendant, Charles McGhan." ·

There can be no question, therefore, that if justified on any ground contained in the motion the order must be upheld.

The order granting the motion for a new trial is affirmed.

Hart, J., and Chipman, P. J., concurred.