[Civ. No. 2292. Third Appellate District.—September 6, 1921.]

## J. S. MEYERS, Respondent, v. MRS. GEORGE B. BRAD-FORD et al., Appellants.

[1] NEGLIGENCE — DRIVER OF MOTOR VEHICLE — RECKLESS CONDUCT — IGNORANCE OF OTHERS ON HIGHWAY—INSTRUCTION.—An instruc-tion in an action for damages to an automobile received through a collision with another automobile, that it is a part of the duty of an operator of a motor vehicle to keep his machine always under control and that he has no right to assume that the road is clear, but under all circumstances and at all times he must be vigilant and anticipate the presence of others, and the fact that he does not know that anyone else is on the highway is no excuse for conduct that would amount to recklessness if he had such knowledge, is a correct statement of the law and not an invasion of the province of the jury.

[2] ID.—DAMAGES—LOSS OF USE DURING REPAIR.—In an action for
damages for injury to an automobile the plaintiff is entitled to
compensation for the loss of the use of the machine while it is
being repaired, regardless of whether he hires another or gets
along without one.

APPEAL from a judgment of the Superior Court of
Sacramento County. Charles O. Busick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Downey & Downey for Appellants.

P. H. Johnson for Respondent.

BURNETT, J.—Plaintiff recovered judgment on a ver-
dict in his favor for four hundred dollars for damages to
his automobile received through a collision with the car
of appellants at the intersection of Twenty-fourth and
U Streets, in the city of Sacramento, and the appeal is
from said judgment. It is not disputed that the evidence
is sufficient to support the verdict and judgment in respect
to the negligence of defendants, the want of contributory
negligence on the part of plaintiff, and the amount of
damages awarded. Indeed, there seems to be no substantial
conflict as to any of these elements involved in the case,
and even the testimony of defendants showed them to be
chargeable with actionable negligence.

Two points, however, are made by appellants: First, that
the court erred in instructing the jury that ''it is part of
the duty of the operator of a motor vehicle to keep his
machine always under control so as to avoid collisions
with pedestrians and other persons using the highway. He
has no right to assume that the road is clear, but under
all circumstances and at all times he must be vigilant and
must anticipate and expect the presence of others. Ac-
cordingly, the fact that he did not know that anyone was
on the highway is no excuse for conduct which would
have amounted to recklessness if he had known that an-
other vehicle or person was on the highway''; and, second,
that the court was not warranted in authorizing a recovery

2. Measure of damages for destruction of or injury to commercial
vehicle, note, 4 A. L. R. 1350.

Measure of damages for damage to automobile used for pleasure,
note, L. R. A. 1915C, 319.

for the value of the use of the machine while it was being repaired.

[1] That said instruction demands the proper attitude of an operator in the situation referred to can hardly admit of doubt. It suggests a fundamental principle that must be observed in order to avoid illegal injury to another. The basis of the instruction is that in the enjoyment of a common right the participant must exercise constant care that the correlative right of others may not be unnecessarily impaired or destroyed. The highways are, of course, established and maintained at public expense for the use and benefit, for lawful purposes, of all the citizens, and it cannot be claimed that the drivers of automobiles have any special right or privilege in the use or enjoyment thereof. The law indeed imposes upon them a degree of care commensurate with the peculiar hazard attending the operation of these modern vehicles.

If said instruction does not contain sound doctrine, then the converse of the propositions therein contained may be adopted as the right rule for the guidance of automobile drivers. The court would then declare the law to be that "it is *not* a part of the duty of an operator of a motor vehicle to keep his machine always under control, or that it is his duty to keep it under control only a *part* of the time; that he has the right to assume that the road is clear, and under no circumstances and at no time must he be vigilant or anticipate or expect the presence of others; and if he does not know that anyone else is on the highway he is excusable for conduct that would amount to recklessness if he did know that another was using it." The absurdity of such a rule is, of course, apparent. Even the undertakers, whose business would be greatly promoted thereby, would hesitate to indorse it. But it is due the learned counsel for appellants to say that their stricture is really confined to the last part of the instruction. It must be plain, however, that the driver is not excusable for reckless conduct because he does not know that another may be using the highway. From the very nature of the situation he is chargeable with knowledge and he must anticipate such contingency as arose in this case. It may be true, as suggested by appellants, that in out of the way places or at late hours of the night or in extremely stormy

weather the rule is not so strict and it would not be so unreasonable for him to assume that the highway is more or less deserted. But the collision herein occurred before dark in the heart of the residence district of the city at the intersection of two highways in constant use, and the fact that it was raining emphasized the duty of the driver to be careful and vigilant. Citation of authorities is hardly needed for a proposition so obvious but we may refer to these cases noted in respondent's brief: *Graham* v. *Hagmann,* 270 Ill. 252, [110 N. E. 337]; *Thies* v. *Thomas,* 77 N. Y. Supp. 276; *Birkett* v. *Knickerbocker Ice Co.,* 110 N. Y. 504, [18 N. E. 108]; *Lauson* v. *Fond du Lac,* 141 Wis. 57, [135 Am. St. Rep. 30, 25 L. R. A. (N. S.) 40, 123 N. W. 629].

In giving the instruction the court did not invade the province of the jury. It stated merely a recognized principle of law that was involved in the case, and it left to the jury the determination of the question of fact whether the conduct of appellants fell within the contemplation of such principle. Indeed, the instructions were full and accurate as to the doctrine of negligence, and they have escaped the criticism of appellants save in the instance to which we have referred.

[2] As to the other question, it is apparent that by reason of the negligence of defendants, plaintiff was deprived of the use of his machine while it was being repaired. This is a thing of value, and it is difficult to understand why it should not be considered a part of the detriment suffered by plaintiff in consequence of the accident. The general rule applicable to the situation is found in section 3333 of the Civil Code as follows: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby whether it could have been anticipated or not." The only difficulty is in determining the financial measure of the use of the machine; in other words, how much money would compensate for the loss of its use during the time it was being repaired. If the plaintiff had hired another machine, what he paid for it, if the rental value, would furnish a practicable and reasonable measure of his loss. But he suffers

an equal detriment if he chooses to do without a machine while his is being repaired, and there seems to be no sound reason why the rental value of such machine should not be taken in either case as a fair measure of his loss. Upon this subject the authorities are not altogether uniform, but we think the better view is with respondent.

In *Dettmar* v. *Burns Bros.*, 111 Misc. Rep. 189, [181 N. Y. Supp. 146], it was held: "1. Damages for loss of use of an automobile may be allowed against one who negligently injures it, although the owner intended to use it only for pleasure, and not for rent or profit. 2. Evidence of the rental value of an automobile is admissible upon the question of the compensation to be awarded the owner for being deprived of its use through another's negligence, although he did not intend to rent it or use it for profit. 3. Evidence of rental value is admissible not as furnishing the exact measure of damages, but as one of the facts to be considered in ascertaining the extent of the injury." Other cases to the same effect are: *Perkins* v. *Brown*, 132 Tenn. 294, [Ann. Cas. 1917A, 124, L. R. A. 1915F, 723, 117 S. W. 1158]; *Cook* v. *Packard Motor Car Co.*, 88 Conn. 590, [L. R. A. 1915C, 319, 92 Atl. 413]; *Banta* v. *Stamford Motor Co.*, 89 Conn. 51, [92 Atl. 665]; *Universal Taxi Co.* v. *Blumenthal*, 143 N. Y. Supp. 1056. See, also, Sedgwick on Damages, 9th ed., sec. 243b.

It is clear that this element is a part of the general damages suffered by plaintiff and it is not subject to any special provision of the statute, as was the case in *Lynch* v. *McGhan*, 7 Cal. App. 132, [93 Pac. 1044]. It is rather analogous to *Linforth* v. *San Francisco G. & E. Co.*, 156 Cal. 58, [19 Ann. Cas. 1230, 103 Pac. 320], wherein a building was injured, and in discussing the elements of damage the court said that the plaintiff was entitled to the cost of the repairs and that "compensation for the loss of the use of the property is in precise accord with section 3333 of the Civil Code."

But if we were to concede that the trial court took an erroneous view of this feature of the case it should be held that it was without prejudice, for the jury undoubtedly allowed plaintiff nothing for the loss of the use, since the evidence shows without conflict that the damage to the

machine exceeded the sum of four hundred dollars. Under such circumstances we would presume that the general verdict was based upon those elements of damage that were unquestionably involved rather than upon one of doubtful propriety.

We see no merit in the appeal and the judgment is affirmed.

Hart, J., and Finch, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 3, 1921.

All the Justices concurred, except Shaw, J., who was absent.