[Civ. No. 4909. First Appellate District, Division One.—December 19, 1924.]

## ANNIE G. LYLE, Respondent, v. MRS. A. SELLER, Appellant.

[1] NEGLIGENCE — DAMAGE TO AUTOMOBILE—RESTORATION TO FORMER CONDITION — DEPRIVATION OF USE—DELAY—DAMAGES.—Plaintiff's automobile having been damaged solely through the negligence of defendant, plaintiff was entitled to have her machine restored to the same condition it was in immediately prior to the accident, and (the machine having been used constantly by her in the practice of her profession as a physician and surgeon) she was also entitled to damages for deprivation of its use during the time necessarily consumed in making the proper repairs, notwithstanding a substantial portion of that time was due to the delay in the arrival of the necessary parts from the east.

[2] ID. — WAGES OF CHAUFFEUR—DAMAGES.—The reasonable amount which plaintiff was compelled to pay to a chauffeur during the time that her car was out of commission was also a proper element of damage, when such payment was shown to have been made and plaintiff had no use for the chauffeur during that time.

(1) 17 C. J., p. 877, n. 11, p. 1042, n. 28.   (2) 17 C. J., p. 805, n. 61, 63.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. T. I. Fitzpatrick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Theodore Hale and Barry J. Colding for Appellant.

Peter A. Breen and Wilson & Wilson for Respondent.

TYLER, P. J.—Action for damages in the sum of $1,008.75, claimed to have been suffered by the plaintiff as the result of an automobile collision brought about through the negligence of defendant Mrs. A. Seller. The amount sued for is composed of the following items: $234.05,

1. Measure of damages for injury to or destruction of commercial vehicle, and for repairs, note, 4 A. L. R. 1350 et seq. See, also, 3 Cal. Jur. 810.

cost of making repairs to plaintiff's automobile; $487 for deprivation of its use while undergoing such repairs, and the sum of $80 paid as wages by plaintiff to a chauffeur regularly employed by her to drive her said car.

At the trial it was shown in evidence that plaintiff is a regularly licensed and practicing physician and surgeon engaged in the practice of her profession in San Francisco, in the carrying on of which she requires the constant use of an automobile. It was admitted by said defendant, that the collision occurred solely through her negligence, and that the sum of $234.05 was actually paid for repairs necessitated by the collision, and that she is liable for said amount, her objections being directed to other items of damage included in the judgment against her. In this behalf it appeared from the evidence that the repairs to plaintiff's car included the installation of a new radiator, that part of her automobile having been rendered entirely useless by the collision. It also appears that certain necessary parts for the repair of the car had to be procured from the east, and this entailed considerable delay. After arranging for the repair of the automobile plaintiff hired a taxicab for her professional use during a period of three weeks, the cost of which is included in the amount claimed for deprivation of the use of her car. She also during the whole time that it was undergoing repairs retained in her service her regularly employed chauffeur, to whom she paid wages at the rate of $25 a week. In her claim for damages she has included such wages for a period of about three weeks, although, as she testified, she was deprived of the use of her car for upwards of three months.

Upon this evidence the court found that the cost of repairing the automobile was $234.05; that plaintiff was deprived of the use thereof for the period of twenty-three days, to her damage in the sum of $140, and that she was further damaged in the sum of $82.10 paid as wages to her chauffeur during such period of deprivation. Judgment was accordingly entered for the sum of $456.15, the total of the foregoing amounts.

Appellant concedes the correctness of the judgment in so far as it awards to plaintiff the cost of repairs of the automobile, but contends that the amount allowed for loss of use is excessive, and plaintiff's right to recover the amount paid as wages to her chauffeur is denied. The only questions,

therefore, to be considered are, first, was the amount allowed as damages for loss of use excessive? And, second, is plaintiff entitled to recover as damages the wages paid to her regularly employed chauffeur while the damaged car was being repaired?

The evidence is clearly sufficient to support the findings. [1] The claim that the greater portion of the time consumed in making the repairs was due to the delay in the arrival of the necessary parts from the east can avail appellant nothing. Plaintiff was entitled to have her machine restored to the same condition it was in immediately prior to the accident. She was also entitled to damages for deprivation of its use during the time necessarily consumed in making the proper repairs. It was due to no fault of hers that the collision occurred, and she was not responsible for the delay made necessary by reason of the fact that the parts were not immediately available. So far as the evidence shows, she was not informed that it was necessary to send east for them, and she knew nothing about the matter when the repairs were ordered to be made, being merely informed that it would not take long to repair the car, and in the meantime she hired a taxicab for her professional use. Nor does it appear that there was any unreasonable delay in the arrival of the parts. That temporary repairs might have been made permitting of the use of the car pending the arrival of the parts from the east was also a matter she was not informed of, so far as the record shows, if indeed it could be said that it was incumbent upon her, if she had such knowledge, to use a damaged car pending the arrival of the parts. Moreover, the court limited its award of damages for deprivation of the use of the car to twenty-three days, thus discounting quite liberally plaintiff's claim under this head. The time consumed in making repairs of the character here involved was a proper element of damage, and the evidence fully supports the finding in this particular. (*Myers* v. *Bradford*, 54 Cal. App. 157 [201 Pac. 471].) [2] The court having found that the reasonable time for making the necessary repairs to the plaintiff's car was a period of twenty-three days, it included in the judgment a corresponding amount for the chauffeur's wages. The reasonable amount which an owner of an automobile is·compelled to pay a chauffeur during the time that the car is out of commission is also a proper element of damage when payment is

shown to have been made and the owner had no use for the chauffeur during that time (*Cook* v. *Packard Motor Car Co.,* 88 Conn. 590 [L. R. A. 1915C, 319, 92 Atl. 413]; Blakemore on Motor Vehicles, 2d ed., sec. 1745).

There is ample evidence in the record to sustain both of the elements of damage objected to. This being so, the judgment should be and it is hereby affirmed.

St. Sure, J., and Knight, J., concurred.