[Civ. No. 3615. Third Appellate District.—March 20, 1929.]

MARY RUZANOFF et al., Respondents, v. RETAILERS CREDIT ASSOCIATION OF SACRAMENTO (a Corporation), Appellant.

684

Chas. L. Gilmore for Appellant.

H. Nelson French and Ralph H. Cowing for Respondents.

FINCH, P. J.—The plaintiffs brought this action for the recovery of personal property and fixtures or their value, if delivery could not be had, and damages for the detention thereof. After the case was tried and submitted, the court, on motion of counsel for the plaintiffs, ordered that the prayer of the complaint be amended by striking therefrom the demand for the recovery of the property or its value in case delivery could not be had.

The court found in substance: That at the times mentioned in the complaint the plaintiffs were entitled to the possession of such property, consisting of "1 ice box, 1 cash register, 1 counter, 1 glass case, 2 scales, 1 meat block and 1 bread box"; that December 29, 1926, the defendant wrongfully took possession of the property and "refused to deliver said property to plaintiffs, and still refuse to do so; . . . that plaintiffs used said personal property and fixtures to carry on and conduct a general grocery business; that by reason of the wrongful taking of the possession of said personal property . . . and the continued withholding of the

possession of the same by defendant" plaintiffs were damaged in the sum of $450. Judgment for that sum was entered in favor of the plaintiffs and the defendant has appealed.

■ Appellant contends that "the amendment to the prayer for judgment was erroneously allowed." Section 667 of the Code of Civil Procedure provides: "In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention." Under such a judgment the plaintiff is entitled to damages for the detention of the property, whether delivery thereof can be had or not. (*Nahhas* v. *Browning*, 181 Cal. 55, 57 [6 A. L. R. 476, 183 Pac. 442]; *Blodgett* v. *Rheinschild*, 56 Cal. App. 728, 739 [206 Pac. 674].) ■ It does not appear, therefore, that the defendant was in any manner prejudiced by the amendment, which did not enlarge, but merely limited, the relief to which the plaintiffs were entitled. From the amendment ordered by the court and the findings it is clear that nothing was allowed for the value of the property, but that the judgment merely awards the plaintiffs damages for the wrongful detention thereof. Since judgment was not given for the value of the property it is of no importance that the evidence fails to show such value.

■ The answer denies the plaintiffs' right to possession of the property and, therefore, a demand for the possession thereof would have been useless. Under such circumstances proof of a demand is not required. (5 Cal. Jur. 169.)

■ Appellant contends that the findings do not support the judgment and that the evidence is not sufficient to show that the plaintiffs were damaged in the amount found by the court. It appears from what has been stated herein that the findings support the judgment. ■ Plaintiffs held the property in question and the building in which such property was located under a lease for the term of one year from November 5, 1926, at a monthly rental of $40 for the first three months and $45 a month thereafter. Plaintiff John Powl testified that the gross sales of the plaintiffs' business were as follows: November, 1926, $2,500; December, $2,600; January, 1927, $1,500, and February, $1,100; that they quit business about March 12; that in taking the prop-

erty from plaintiffs' possession, during the absence of the witness, the defendant removed fresh meat from the ice-box, causing it to spoil, and placed other provisions and goods in places that rendered them valueless, causing a total loss of nearly $60; that the removal of the personal property and fixtures made it impossible for the plaintiffs to do any business for about a week, at the end of which time they hired other fixtures and apparatus, at a rental of $47.10 a month, to take the place of the property which the defendant had taken; that the plaintiffs had fifty or sixty daily customers during the month of December; that by reason of their business being closed for a week they lost about half of their customers and were unable thereafter to regain them; that they had in their employ one person at a salary of $100 a month; and that they continued to pay the owner of the building $40 a month until the first of March. It cannot be said that the foregoing evidence is insufficient to warrant the inference that the plaintiffs were damaged in the sum of $450 by the wrongful detention of the property by the defendant.

██ "Ordinarily, in replevin, loss of use and other injuries resulting from the taking and withholding of personal property may be compensated by allowing the successful party to recover interest on the value of the property from the time of the taking to the date of the verdict. However, he is not confined to interest as damages, if he can establish the fact that the value of the use of the property of which he was deprived exceeded the interest." (*Drinkhouse* v. *Van Ness*, 202 Cal. 359, 379 [266 Pac. 869, 877].) This does not mean that recovery for wrongful detention is limited in all cases to such interest or usable value. In *Livestock G. P. Co.* v. *Union etc. Co.*, 114 Cal. 447, 450 [46 Pac. 286, 287], it is said that the successful plaintiff in replevin is entitled to such damages as will "compensate him for all the detriment proximately caused by the wrong complained of (Civ. Code, sec. 3333)." Section 3333 of the Civil Code, cited in the foregoing quotation, provides: "For the breach of an obligation not arising from contract, the measure of damages, except where otherwise expressly provided by this code, is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not." The loss of provisions and other mer-

chandise was directly caused by the acts of the defendant. ▮ The plaintiffs were entitled to compensation for the usable value of the property of which they were deprived, regardless of whether they hired other property to take its place or not. (*Meyers* v. *Bradford*, 54 Cal. App. 157 [201 Pac. 471].) ▮ They were entitled to recover the amount paid as salary to their employee during the week their business was closed. (*Lyle* v. *Seller*, 70 Cal. App. 300 [223 Pac. 345].) Store fixtures are not ordinarily replaceable immediately, and the plaintiffs' loss of profits during that week was proximately caused by defendant's wrongful detention of the property in question as was, also, the loss of their customers. The loss of such customers was the loss, to that extent, of "expectation of continued public patronage," which constituted the goodwill of their business. (Civ. Code, sec. 992.) "The goodwill of a business is property." (Civ. Code, sec. 993.) ▮ The detriment due to loss of profits, during the week mentioned, and the loss of customers cannot be measured with mathematical accuracy, but that fact is not a sufficient reason for denying compensation. (*Schumann* v. *Karrer*, 184 Cal. 50, 57 [192 Pac. 849].) ▮ The measure of damages for torts, provided by section 3333 of the Civil Code, is ordinarily the same as that for the breach of contracts prescribed by section 3300 of the Civil Code. (8 Cal. Jur. 814; *Siminoff* v. *Jas. H. Goodman & Co.*, 18 Cal. App. 5, 15 [121 Pac. 939].) The following cases, some involving torts and other breaches of contract, are illustrative of the elements of damages to be considered: *Moropoulos* v. *C. H. & O. B. Fuller Co.*, 186 Cal. 679 [200 Pac. 601]; *Schumann* v. *Karrer, supra; Hawthorne* v. *Siegel*, 88 Cal. 159 [22 Am. St. Rep. 291, 25 Pac. 1114]; *Riechhold* v. *Sommarstrom Invest. Co.*, 83 Cal. App. 173 [256 Pac. 592]; *Lyle* v. *Seller, supra; Meyers* v. *Bradford*, 54 Cal. App. 157 [201 Pac. 471].

▮ The defendant purchased the property at a sheriff's sale to satisfy a judgment in favor of the defendant herein against Joe Butco, the owner of the store building in which such property was situated. Powl testified that at the time of the sale the defendant asked him if he desired to purchase the property and that he replied: "I don't have to buy that, I got contract from Joe Butco for all fixtures here." The plaintiffs were in possession of the property at the time and

had been in possession of it for nearly two months before the sale. This evidence shows sufficient notice to defendant of the plaintiffs' right to the possession of the property.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 19, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 16, 1929.

All the Justices present concurred.