[Civ. No. 24409.   First Dist., Div. Two.   Sept. 16, 1968.]

FRANCIS F. ZMAK et al., Plaintiffs and Respondents, v. ARATA PONTIAC et al., Defendants and Appellants.

Antonio J. Gaudio for Defendants and Appellants.

Grant A. Winther and B. V. Yturbide for Plaintiffs and Respondents.

AGEE, J.—Defendants appeal from a judgment rescinding a conditional automobile sales contract between plaintiffs who are husband and wife, and defendant Arata Pontiac. Defendant Bank of America was the assignee of said contract. Defendants Goodsell and Ellis were employees of defendant Arata Pontiac, a Pontiac dealer.

The *sole* issue on appeal is the *sufficiency of the evidence* to support certain findings of fact made by the trial court. These findings are that (1) the trade-in value of respondents' car was agreed to be $1,150, instead of $200 as appellants contend; (2) that when the automobile purchased by respondents was delivered to them, they were not furnished with a copy of the contract, as required by Civil Code section 2982; (3) that respondents were induced to sign said contract in blank and that appellants (except Bank of America) made false and fraudulent representations to them.

The facts are stated in the light most favorable to respondents, as an appellate court is required to do. (4 Cal.Jur.2d, 449, et seq.)

*Facts*: On February 1, 1964, respondents drove to Arata Pontiac and were shown a 1964 Pontiac by appellant Ellis, a salesman. It was priced at $3,661.16. The trade-in allowance for respondents' 1957 Pontiac was discussed. Its engine had recently had a major engine overhaul and the car was in excellent condition.

Ellis made an initial trade-in offer of $975. Respondent husband made a counteroffer of $2,500 plus a trade-in allowance of $1,161.16. Ellis then went into one of the offices off the showroom, stating that he would have to discuss the matter with a superior. Upon his return, he told the respondents, "Well, we have got your offer of eleven sixty-one."

Ellis began working out the agreement on a preliminary form. Respondents were shortly turned over to appellant Goodsell, assistant sales manager, who completed the preliminary paper work. In response to respondent husband's question, Goodsell confirmed the allowance of $1,161.16 on the trade-in.

Goodsell informed respondents that a $300 downpayment was necessary and respondent husband signed a check for this amount.

Goodsell then requested respondents to sign various agreement forms in blank, explaining that it was almost closing time and it would be necessary for respondents to go home to get the "pink slip" for the trade-in car. He assured respondents that the forms would be completed by the time they returned and they would then be given a copy of the agreement. Accordingly, respondents signed the forms in blank and went home for the pink slip.

When they returned, respondents gave the pink slip to Goodsell, received the keys to the new car, and asked for a copy of the agreement. Goodsell, indicating surprise that Ellis had not given plaintiffs a copy, stated that it was too late, due to the closing time on that day (Saturday), and that Ellis would mail a copy to them on Monday morning. Respondents left in the new car, without having received a copy of the agreement.

Respondents did not receive a copy of the agreement on the following Monday and called several times thereafter in an effort to obtain a copy. Finally, two weeks after the transaction, respondent husband went to Arata Pontiac and insisted on receiving a copy of the contract. Eventually, a salesman brought him an automobile agreement form of Arata Pontiac which had been filled in but was unsigned. It bore the date of February 1, 1964, and referred to the 1957 trade-in car, but indicated a trade-in credit of only $200. Respondent husband protested the terms reflected in the document.

Subsequently, respondents obtained a copy of the conditional sales agreement which they had signed in blank from the assignee, Bank of America. The agreement, dated February 1, 1964, bore the signatures of both respondents and specified a trade-in allowance of only $200. Respondents also obtained a copy of an "automobile agreement" form which respondent husband had signed in blank. By this time the space opposite "Trade-in Allowance" had been filled in with "$200."

Respondent wife's testimony corroborated the facts testified to by her husband.

Appellant Ellis was called as an adverse witness under section 2055 of the Code of Civil Procedure.[1] He initially claimed that he had proposed a trade-in allowance of only $550, but ultimately admitted that "we ended up with a

---

[1]Repealed, operative January 1, 1967; substance of section 2055 now contained in Evidence Code section 776.

figure that I would try to get him, eleven sixty-one sixteen."
He admitted that he had written the figure $1,161.16 on a
preliminary "write-up sheet" and had taken it to the sales
manager, Martinez, after obtaining respondents' signatures
on it. According to Ellis, additional figures in writing of
different colors were thereafter written on the form by the
sales manager, Martinez, and the assistant sales manager,
Goodsell. Ellis testified that, after turning over the write-up
sheet to Martinez, he turned respondents over to Goodsell.
Ellis admitted that he did not see a completed copy of the
agreement at that time, did not give respondents a copy, and
did not know whether respondents had signed in blank.

Goodsell, the assistant sales manager, testified that Mar-
tinez, the sales manager, completed the necessary agreement
forms in his office out of respondents' presence. According to
Goodsell, the completed agreement forms set forth a trade-in
allowance of only $200; he took the agreement to respondents
and pointed out the terms, including the $200 figure. Respond-
ents thereafter signed the agreement and were given a copy.

Martinez did not testify.

The trial court, sitting without a jury, held that appellants
violated section 2982 of the Civil Code[2] in that the written
contract did not state the true trade-in allowance agreed upon
by the parties; appellants induced respondents to sign the
contract form in blank; and no completed copy of the agree-
ment was delivered to respondents at the time of the transac-
tion.

The trial court further found that respondents made a

---

[2]Civil Code section 2982 provides in pertinent part:

"(a) Every conditional sale contract for the sale of a motor vehicle
. . . shall be in writing . . . and shall contain in a single document all of
the agreements of the buyer and seller with respect to the total cost and
the terms of payment for the motor vehicle. . . . The conditional sale
contract . . . shall be signed by the buyer or his authorized representative
and by the seller or its authorized representative, *and an exact copy
thereof shall be furnished the buyer by the seller at the time the buyer
and the seller have signed.* . . . No motor vehicle shall be delivered under
this chapter *until the seller delivers to the buyer a fully executed copy of
the conditional sale contract or purchase order.* The seller shall not obtain
the signature of the buyer to a contract *when it contains blank spaces to
be filled in after it has been signed.* Every conditional sale contract shall
contain . . . the following separate items: . . . 2. The amount of the
buyer's down payment, and whether made in *cash or represented by the
net agreed value of described property traded in,* or both, together with
a stataement of the respective amounts credited for cash *and for such
property.* . . ." (Italics added.)

timely election to rescind the contract and ordered its rescission.[3]

We hold that the findings attacked by appellants are supported by substantial evidence and that respondents were therefore entitled to rescission of the contract. The facts in the instant case are remarkably similar to those in *Story* v. *Gateway Chevrolet Co.* (1965) 237 Cal.App.2d 705 [47 Cal. Rptr. 267]. There, as here, the trial court believed the respondent and disbelieved the appellant.

Judgment affirmed. Appellants' appeal from the nonappealable order denying a new trial is dismissed.

Shoemaker, P. J., and Taylor, J., concurred.

---

[3]Civil Code section 2983 provides in relevant part that ''If the seller . . . violates any provision of subdivisions (a) . . . of Section 2982, the conditional sale contract shall not be enforceable, . . . the buyer may recover from the seller the total amount paid, pursuant to the terms of the contract, by the buyer to the seller or his assignee. The amount recoverable for property traded in as all or part of the down payment shall be equal to the agreed cash value of such property as the value appears on the conditional sale contract or the fair market value of such property as of the time the contract is made, whichever is greater.''