[No. C058356. Third Dist. Dec. 3, 2009.]

ELEONOR BERMUDEZ et al., Plaintiffs and Appellants, v.
FULTON AUTO DEPOT, LLC, et al., Defendants and Respondents.

COUNSEL

Law Offices of Robert G. Padrick and Robert G. Padrick for Plaintiffs and Appellants.

Law Office of John Dumas Rochelle and John Dumas Rochelle for Defendants and Respondents.

OPINION

**NICHOLSON, J.**—Plaintiffs Eleonor Bermudez and Antonio Aceves bought a Cadillac Escalade from defendant Fulton Auto Depot, LLC, signing a retail installment sale contract. On the contract, Fulton Auto Depot overestimated the vehicle license fees by $2 and charged plaintiffs $58.25 for a smog check and certificate but failed to submit the vehicle to a smog check until four months later when the error was brought to its attention.

Plaintiffs sued defendants, Fulton Auto Depot and Patelco Credit Union, the holder of the note, for violations of the Automobile Sales Finance Act (Civ. Code, § 2981 et seq.; hereafter, ASFA). After a bench trial, the trial court entered judgment in favor of defendants.

On appeal, plaintiffs contend that they are entitled to remedies under the ASFA because they established that Fulton Auto Depot was untruthful in its disclosures on the retail installment sale contract and did not remedy the violations during the "safe harbor" time period. Their contentions are without merit. The slight overestimation of vehicle license fees and the delayed smog check do not entitle plaintiffs to remedies under the ASFA.

### RECORD ON APPEAL

The record on appeal, designated by plaintiffs, consists of a full reporter's transcript and a partial clerk's transcript. The partial clerk's transcript includes only the judgment and documents relating to the appellate process.

Plaintiffs have failed to provide a complete record of the trial court proceedings. (*Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532–1533 [254 Cal.Rptr. 492] [appellants must present adequate record].) They claim that they sued defendants for violations of the ASFA; however, they did not designate the complaint or any other pleading establishing that fact as part of the record on appeal. Neither did they designate any trial briefs. The judgment simply states that judgment is in favor of defendants and that defendants are entitled to recover their costs and attorney fees.

Despite this meager record, however, we can consider plaintiffs' contentions on appeal because the parties agree that this was an action for relief under the ASFA and it appears that all evidence presented at trial has been included in the record on appeal. Therefore, we turn to plaintiffs' contentions.

## FACTS

On November 4, 2005, plaintiffs went to the Sacramento Auto Plaza, owned by defendant Fulton Auto Depot. They bought a used 2003 Cadillac Escalade for $35,500.[1] Plaintiffs signed a retail installment sale contract, financing the vehicle purchase and associated charges, taxes, and fees for a term of seven years. The contract included four items paid by plaintiffs that are material to this appeal: (1) a $50 charge for a smog check, (2) $8.25 to be paid to the state for a smog certificate, (3) $426 to be paid to the state as "License Fees," and (4) $15 to be paid to the state as "Registration/Transfer/Titling Fees."[2] Next to the amount for "License Fees," the word "Estimate" was typed in.

Because of an oversight on the part of Fulton Auto Depot, the vehicle was not smog checked before it was delivered to plaintiffs. This was the only time in four years of operation that Fulton Auto Depot had committed this type of error.

On March 2, 2006, about four months after their purchase of the vehicle, plaintiffs returned to the Sacramento Auto Plaza, complaining that they had not received the registration for the vehicle. On that day, the vehicle was taken to Clean Pipes Center, where it passed a smog check.

Someone from the dealer told plaintiffs that the registration was delayed because the dealer had lost the file with the paperwork from the sale of the vehicle. As it turned out, the file had been stolen. It was found several months later in a parole search of a residence in Vacaville.[3]

When the sale and title documents are lost, a dealer must re-create the documents. Toward the end of May 2006, an employee of Fulton Auto Depot went to plaintiffs' home and had them sign two documents: (1) a

---

[1] The exhibits are appended to the appellants' opening brief. The parties stipulate that the original trial exhibits were lost and that the exhibits appended to the appellants' opening brief are true copies of the original exhibits.

[2] Hereafter, the amounts listed for "License Fees" and "Registration/Transfer/Titling Fees" are combined ($441) as these were all fees to be paid to the Department of Motor Vehicles.

[3] There is no evidence concerning when the file was stolen except that it was created at the time of sale and found in the parole search several months later.

Vehicle/Vessel Transfer and Reassignment Form and (2) a Report of Sale—Used Vehicle. Each form was backdated to November 5, 2005.

The financing of the vehicle was assigned to defendant Patelco Credit Union.

On August 24, 2006, the Department of Motor Vehicles issued the registration for the vehicle, reflecting registration of the vehicle to plaintiffs from November 2005 to November 2006. On the face of the registration, it says the "amount paid" is $439, $2 less than the amount to be paid to the state in the retail installment sale contract—the sum of the "License Fees" and the "Registration/Transfer/Titling Fees."

## DISCUSSION

Plaintiffs contend that the evidence established, as a matter of law, Fulton Auto Depot violated the ASFA by untruthfully listing fees paid to the government and a charge for a smog check. They also contend that, as a result of these alleged violations, they are entitled to rescind the contract and recoup all funds paid on the contract. The contentions are without merit because the evidence did not show, as a matter of law, that Fulton Auto Depot violated the ASFA.

■ "The California Legislature enacted the ASFA to protect motor vehicle purchasers from abusive selling practices and excessive charges by requiring full disclosure of all items of cost. (*Hernandez v. Atlantic Finance Co.* (1980) 105 Cal.App.3d 65, 69 [164 Cal.Rptr. 279].) Under the ASFA, every conditional sale contract must disclose to the buyer all details concerning the sale, financing and complete costs of purchasing the vehicle. ([Civ. Code,] § 2982; *Hernandez v. Atlantic Finance Co., supra,* at p. 70.) . . . The ASFA's requirements are mandatory. (*Hernandez v. Atlantic Finance Co., supra,* at p. 69.) Moreover, in determining whether consumer protection laws such as the ASFA apply to a particular transaction, we look to the substance of the transaction and do not allow mere form to dictate the result. (*King v. Central Bank* (1977) 18 Cal.3d 840, 847 [135 Cal.Rptr. 771, 558 P.2d 857].)" (*Thompson v. 10,000 RV Sales, Inc.* (2005) 130 Cal.App.4th 950, 966 [31 Cal.Rptr.3d 18].)

■ The ASFA requires the dealer to itemize the amount financed, including fees to be paid to a public official, such as vehicle license and registration fees. (Civ. Code, § 2982, subd. (a)(2).)[4]

---

[4] Civil Code section 2982, subdivision (a) states, in pertinent part: "The contract shall contain the following disclosures, as applicable, which shall be labeled 'itemization of the

■ The ASFA provides what plaintiffs refer to as a "safe harbor" provision. (Civ. Code, § 2984.)[5] It allows the dealer or subsequent holder of the note a period of either 20 or 30 days, depending on circumstances not relevant to this case, to correct any violations of the ASFA in the contract. If the contract is corrected during this period, the corrected violation cannot be the basis of an action against the dealer or subsequent holder of the note. (Civ. Code, § 2984.)

■ If the dealer or subsequent holder of the note violates the ASFA, "except as the result of an accidental or bona fide error in computation" (Civ. Code, § 2983; see id., § 2983.1), the contract is not enforceable and "the buyer may elect to retain the motor vehicle and continue the contract in force or may, with reasonable diligence, elect to rescind the contract and return the motor vehicle." (Civ. Code, § 2983.1.)

A. *Vehicle License Fees*

■ Plaintiffs contend that Fulton Auto Depot violated the ASFA by estimating the vehicle license fees as $441 when they were actually $439. According to plaintiffs, this difference of $2 gives them the right to rescind the contract and recoup their payments. The contention is without merit because the Vehicle Code allows the dealer to estimate the vehicle license fees.

■ If the amount charged by the dealer for vehicle license fees is greater than the actual fees, the dealer must return the excess to the buyer. (Veh. Code,

---

amount financed:' [¶] . . . [¶] (2) Amounts paid to public officials for the following: [¶] (A) Vehicle license fees. [¶] (B) Registration, transfer, and titling fees."

[5] Civil Code section 2984 provides: "Any failure to comply with any provision of this chapter (commencing with Section 2981) may be corrected by the holder, provided, however, that a willful violation may not be corrected unless it is a violation appearing on the face of the contract and is corrected within 30 days of the execution of the contract or within 20 days of its sale, assignment or pledge, whichever is later, provided that the 20-day period shall commence with the initial sale, assignment or pledge of the contract, and provided that any other violation appearing on the face of the contract may be corrected only within such time periods. A correction which will increase the amount of the contract balance or the amount of any installment as such amounts appear on the conditional sale contract shall not be effective unless the buyer concurs in writing to the correction. If notified in writing by the buyer of such a failure to comply with any provision of this chapter, the correction shall be made within 10 days of notice. Where any provision of a conditional sale contract fails to comply with any provision of this chapter, the correction shall be made by mailing or delivering a corrected copy of the contract to the buyer. Any amount improperly collected by the holder from the buyer shall be credited against the indebtedness evidenced by the contract or returned to the buyer. A violation corrected as provided in this section shall not be the basis of any recovery by the buyer or affect the enforceability of the contract by the holder and shall not be deemed to be a substantive change in the agreement of the parties."

§ 11713.4.)[6] Although the statute does not state, explicitly, that the dealer may estimate fees, it necessarily allows for it in requiring the dealer to return the excess to the buyer. If the dealer were required to state the fees exactly and collect only that amount, Vehicle Code section 11713.4 would be meaningless. ▪ (See *Copley Press, Inc. v. Superior Court* (2006) 39 Cal.4th 1272, 1286 [48 Cal.Rptr.3d 183, 141 P.3d 288] [statutes not construed so as to render them meaningless].)

▪ Despite this provision allowing the dealer to estimate the fees, plaintiffs claim that estimating the fees too high violates the ASFA because it allows the dealer to be untruthful in its disclosures on the retail installment sale contract. To the contrary, estimating fees in good faith, as permitted by statute, does not result in an untruthful disclosure, especially when, as here, the estimate was almost exactly the actual amount and was clearly marked as an estimate. (Civ. Code, § 3533 ["The law disregards trifles."].)

We recognize that the court in *Story v. Gateway Chevrolet Co.* (1965) 237 Cal.App.2d 705 [47 Cal.Rptr. 267] cited a $2 discrepancy in finding that the defendant violated the ASFA; however, the $2 discrepancy in that case was combined with a substantial misrepresentation concerning the value of the plaintiff's trade-in property. (237 Cal.App.2d at pp. 707–709.) Here, as will be seen, there is no other discrepancy.

Plaintiffs make two arguments attempting to pull the overestimate of vehicle license fees into the realm of an ASFA violation because of what happened, or did not happen, after the contract was signed. Neither argument is persuasive.

▪ First, plaintiffs assert that the overestimate of vehicle license fees violated the ASFA because Fulton Auto Depot did not reimburse them for the $2 overestimate. While the failure to reimburse the amount that the fees were overestimated could possibly be a breach of contract or a violation of Vehicle Code section 11713.4, the provisions of ASFA do not make what was not a violation of that act into a violation if, later, the requirements of Vehicle Code section 11713.4 are not met. The charge for vehicle license fees was stated as an estimate, and that was truthful.

And second, plaintiffs argue that, because Fulton Auto Depot did not reimburse them for the $2 overestimate within the "safe harbor" period of the

---

[6] Vehicle Code section 11713.4 provides: "If a purchaser of a vehicle pays to the dealer an amount for the licensing or transfer of title of the vehicle, which amount is in excess of the actual fees due for such licensing or transfer, or which amount is in excess of the amount which has been paid, prior to the sale, by the dealer to the state in order to avoid penalties that would have accrued because of late payment of such fees, the dealer shall return such excess amount to the purchaser, whether or not such purchaser requests the return of the excess amount."

ASFA, the overestimate must be deemed a violation of the ASFA. To the contrary, the expiration of the "safe harbor" period does not turn compliance with the ASFA into a violation. Here, we have determined that the overestimate did not constitute a violation of the ASFA.[7]

### B. *Smog Check and Certification*

Plaintiffs contend that the failure of Fulton Auto Depot to have the vehicle smog checked and to obtain the smog certificate violated the ASFA because $58.25 in charges for those items were listed on the retail installment sale contract. Plaintiffs assert that Fulton Auto Depot "inserted an untruthful statement on the contract in place of a truthful disclosure." This contention is without merit because, even though Fulton Auto Depot failed to obtain a smog check and certification initially, that action remained a legally required part of the sale transaction, which was eventually completed.

Before or at the time of delivery of a vehicle, the dealer must provide the buyer with a smog certificate. (Veh. Code, § 24007, subd. (b)(2).) Here, that did not happen, even though the charges for the smog check and the certificate were listed on the retail installment sale contract. However, the failure to provide the smog certificate before or at the time of delivery did not render untruthful the listing of the charges for the smog check and smog certificate. Whether done before, at, or after the time of delivery of the vehicle, the smog check and certification were necessary parts of the sale transaction. They were eventually accomplished. Fulton Auto Depot was not untruthful in its disclosures.

At oral argument, counsel for plaintiffs asserted that the inclusion of the charges for the smog check and certification in the retail installment sale contract constituted an untruthful representation by Fulton Auto Depot that the smog check had already occurred. The contract does not support this assertion. The contract simply listed the charges for the smog check and certification and made no representation concerning whether the smog check had already occurred. The listings for those two items stated: "Smog Fee Paid to Seller" and "Smog Certification or Exemption Fee Paid to State." The statement concerning the certification fee ("Paid to State") cannot be read to mean that Fulton Auto Depot had already paid the certification fee to the state any more than the statement concerning the smog check charge ("Paid to Seller") can be read to mean that plaintiffs had already paid that fee to Fulton Auto Depot.

---

[7] The parties dispute whether a dealer's substantial compliance with the ASFA is sufficient. We need not consider that issue because we find that Fulton Auto Depot fully complied with the ASFA with respect to vehicle license fees.

Whether or not Fulton Auto Depot violated Vehicle Code section 24007 by failing to provide a smog certificate before or at the time of delivery is not the issue here. We are concerned only with whether defendants violated the ASFA. They did not. Because defendants did not violate the ASFA, plaintiffs are not entitled to remedies provided by the ASFA. Consequently, the trial court did not err by entering judgment in favor of defendants.

## DISPOSITION

The judgment is affirmed. Defendants are awarded their costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

Scotland, P. J., and Robie, J., concurred.

A petition for a rehearing was denied December 29, 2009, and appellants' petition for review by the Supreme Court was denied March 10, 2010, S179397.