Filed 1/14/14

**TO BE PUBLISHED IN THE OFFICIAL REPORTS**

This opinion has been certified for publication in the Official Reports. It is being sent to assist the Court of Appeal in deciding whether to order the case transferred to the court on the court's own motion under California Rules of Court, rules 8.1000-8.1018.

**CERTIFIED FOR PUBLICATION**

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| MARCO A. MUNOZ et al., | No. BV 030432 |
| Plaintiffs and Appellants, | Central Trial Court |
| v. | No. 11K15600 |
| EXPRESS AUTO SALES, | |
| Defendant and Respondent. | **OPINION** |

APPEAL from a judgment of the Superior Court of Los Angeles County, Central Trial Court, Elizabeth R. Feffer, Judge. Reversed.

Hallen D. Rosner of Rosner, Barry and Babbitt, LLP, for Plaintiffs and Appellants.

Ugo O. Asobie of the Law Offices of Ugo O. Asobie, for Defendant and Respondent.

\* \* \*

### I. INTRODUCTION

Appellants and plaintiffs Marco A. Munoz and Alejandra Orozco appeal the judgment in favor of respondent and defendant Express Auto Sales dba Express Credit, Inc. following a court trial based on defendant's violation of the Automobile Sales Finance Act (ASFA) (Civ. Code, §§ 2981 et seq.). Plaintiffs contend that the judgment should be reversed for several reasons, including that the court erred in finding that defendant proved its affirmative defense

1

under Civil Code section 2984 that it timely corrected the automobile sales contract that gave rise to the ASFA violation.

As discussed below, we reverse the judgment. Defendant presented insufficient evidence that its violation of the ASFA was not willful under Civil Code section 2984. Defendant thus failed to prove that its correction of the contract was timely because it did not make the correction within 30 days of the execution of the contract (Civ. Code, § 2984), and plaintiffs did not waive the requirement that the contract be corrected in a timely manner.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a second amended complaint filed November 1, 2012, plaintiffs alleged that defendant violated the ASFA by failing to properly itemize the sources of the down payment in the vehicle Retail Installment Sale Contract (RISC) between the parties. (Finance contract assignee U.S. Bank, N.A. was also named as a defendant, but is not a party to the appeal.) Plaintiffs further alleged that defendant violated the Consumer Legal Remedies Act (CLRA) (Civ. Code, §§ 1750 et seq.) by failing to disclose that the vehicle they purchased was previously used as a rental car. Plaintiffs sought rescission of the contract, general damages, statutory damages, punitive damages, restitution, injunctive relief, prejudgment interest, attorney fees, and costs.

Defendant filed an answer on November 21, 2012, which included both a general denial and numerous affirmative defenses. One of the affirmative defenses was that it had timely corrected the RISC under Civil Code section 2984.

At trial, plaintiffs testified that they purchased a 2006 Chevrolet Impala from defendant on May 14, 2011 for a total price of $11,800. Plaintiffs were credited with a down payment totalling $3,000, and the remainder was to be financed by U.S. Bank. The down payment consisted of $1,500 paid by check at the time of the sale, $1,000 for a 2000 Buick which defendant would later pick up from plaintiffs' residence, and two $250 deferred cash payments which would be made by plaintiffs within a month.

A copy of RISC was admitted into evidence. Paragraph 6 of the RISC stated that the down payment consisted of $3,000 in cash. Sections in paragraph 6 that allowed information

2

regarding any trade-in vehicle, including the vehicle's agreed trade-in value, its model and make, were left blank. The value of the trade-in, as well as the amount of any deferred down payment, was listed as "$0.00."

Plaintiffs testified they became unsatisfied with the Impala when it developed problems after the sale, including the paint fading, a passenger door not opening, and the air conditioning not functioning. On September 28, 2011, plaintiffs' lawyer sent a letter to defendant notifying it that the contract failed to properly itemize the down payment in violation of the ASFA, and that the violation entitled plaintiffs to rescind the RISC. The letter further informed defendant that it violated the CLRA by, among other things, improperly itemizing the down payment and failing to disclose that the Impala had been used as a rental vehicle prior to the sale. Under a section titled "Individual CLRA Demand," the letter requested that defendant "remedy the violations listed above within 30 days."

Defendant presented evidence that it informed plaintiffs at the time of the sale that the vehicle was previously used as a rental. It also introduced into evidence a letter sent to plaintiffs by defendant's lawyer mailed on October 10, 2011 which denied having violated the ASFA and the CLRA. The letter also stated that a corrected contract was enclosed pursuant to Civil Code section 2984. Defendant's lawyer told the court that he did not have the corrected contract because he had provided his only copy to plaintiffs along with the letter.

On December 7, 2012, the trial court issued a Memorandum of Intended Decision on Trial Issues. The court stated that plaintiffs did not deny receiving the corrected contract and that plaintiffs were in possession of the corrected contract. The court stated it intended to draw an adverse inference regarding the corrected contract's contents pursuant to Evidence Code section 413, and find that the correction was timely made under Civil Code section 2984. The court subsequently permitted plaintiffs to reopen the evidence and considered the corrected contract provided by plaintiffs.

On March 1, 2013, the court rendered judgment against plaintiffs. In its statement of decision, the court found that it was undisputed that the RISC inaccurately stated that plaintiffs gave defendant $3,000 in cash for the down payment. The court noted that "Curiously,

3

[defendant] provided no explanation whatsoever as to why paragraph 6 of the contract was written the way it was, i.e. no itemization for a trade-in (to be noted in ¶6(A)) or for a deferred down payment (to be noted in ¶6(D))." Nonetheless, the court found that defendant timely corrected the RISC under Civil Code section 2984. The court stated that defendant complied with the requirement that the contract be corrected within 10 days of receiving notice from plaintiffs regarding the ASFA violations, and that, in any event, plaintiffs waived any untimeliness by giving defendant 30 days to correct the violations in their demand letter. The court also entered judgment against plaintiffs on the CLRA cause of action based on the purported nondisclosure of the vehicle's past rental status (plaintiffs do not appeal this part of the judgment).

## III. DISCUSSION

Plaintiffs contend that the judgment should be reversed because the court improperly found that defendant timely corrected the RISC; defendant did not admit the corrected contract into evidence; the corrected version of the contract failed to comply with the ASFA because it did not properly break down the portion of the down payment that was deferred; and that defendant was not entitled to correct the contract since it previously assigned the contract to U.S. Bank. We agree with plaintiffs' first argument, and thus do not address the remainder.

On appeal, we review the trial court's determinations of factual issues to determine if they are supported by substantial evidence. (*Perez v. VAS S.p.A.* (2010) 188 Cal.App.4th 658, 683-684.) We review the trial court's determinations on issues of law de novo. (See *Topanga and Victory Partners v. Toghia* (2002) 103 Cal.App.4th 775, 779-780.)

A.    Defendant Violated the ASFA

"Under the ASFA, every conditional sale contract must disclose to the buyer all details concerning the sale, financing and complete costs of purchasing the vehicle. [Citations.] The ASFA's requirements are mandatory. [Citation.]" (*Bermudez v. Fulton Auto Depot, LLC* (2009) 179 Cal.App.4th 1318, 1323.) "If the dealer or subsequent holder of the note violates the ASFA, 'except as the result of an accidental or bona fide error in computation' [citations], the contract is not enforceable and 'the buyer may elect to retain the motor vehicle and continue

4

the contract in force or may, with reasonable diligence, elect to rescind the contract and return the motor vehicle.' [Citation.]" (*Id.* at p. 1324.)

In relevant part, the ASFA requires "The amount of the buyer's downpayment itemized to show the following: [¶] (A) The agreed value of the property being traded in. [¶] (B) The prior credit or lease balance, if any, owing on the property being traded in. [¶] (C) The net agreed value of the property being traded in, which is the difference between the amounts disclosed in subparagraphs (A) and (B). If the prior credit or lease balance of the property being traded in exceeds the agreed value of the property, a negative number shall be stated. [¶] [and] (D) The amount of any portion of the downpayment to be deferred until not later than the due date of the second regularly scheduled installment under the contract and that is not subject to a finance charge." (Civ. Code, § 2982, subd. (a)(6).)

The RISC violated the ASFA by failing to properly itemize the sources of the down payment. Paragraph 6 of the RISC specified that the down payment consisted of $3,000 in cash, instead of part cash, part trade-in; it failed to disclose that a trade-in was being accepted; failed to describe the trade-in; listed the value of the trade-in as "$0.00"; failed to specify the portion of the down payment to be deferred; and listed the deferred down payment amount as "$0.00."

B.    Defendant Did Not Timely Correct the Violation

Did defendant timely correct the contract pursuant to Civil Code section 2984? Contrary to the trial court's determination, we conclude it did not.

"The ASFA provides . . . a 'safe harbor' provision. (Civ. Code, § 2984.)[] It allows the dealer or subsequent holder of the note a period of [time] . . . to correct any violations of the ASFA in the contract. If the contract is corrected during this period, the corrected violation cannot be the basis of an action against the dealer or subsequent holder of the note. [Citation.]" (*Bermudez v. Fulton Auto Depot, LLC*, *supra*, 179 Cal.App.4th at p. 1324, fn. omitted.)

Civil Code section 2984 provides, "Any failure to comply with any provision of this chapter (commencing with [Civil Code] Section 2981) may be corrected by the holder, provided, however, that a willful violation may not be corrected unless it is a violation

5

appearing on the face of the contract and is corrected within 30 days of the execution of the contract or within 20 days of its sale, assignment or pledge, whichever is later, provided that the 20-day period shall commence with the initial sale, assignment or pledge of the contract, and provided that any other violation appearing on the face of the contract may be corrected only within such time periods.  A correction which will increase the amount of the contract balance or the amount of any installment as such amounts appear on the conditional sale contract shall not be effective unless the buyer concurs in writing to the correction.  If notified in writing by the buyer of such a failure to comply with any provision of this chapter, the correction shall be made within 10 days of notice.  Where any provision of a conditional sale contract fails to comply with any provision of this chapter, the correction shall be made by mailing or delivering a corrected copy of the contract to the buyer.  Any amount improperly collected by the holder from the buyer shall be credited against the indebtedness evidenced by the contract or returned to the buyer.  A violation corrected as provided in this section shall not be the basis of any recovery by the buyer or affect the enforceability of the contract by the holder and shall not be deemed to be a substantive change in the agreement of the parties.”

In interpreting this statute, “[w]e apply well-established principles of statutory construction in seeking ‘to determine the Legislature’s intent in enacting the statute[s] “‘so that we may adopt the construction that best effectuates the purpose of the law.’”’  [Citations.]” (*Shirk v. Vista Unified School Dst.* (2002) 42 Cal.4th 201, 211.)  “We begin with the statutory language because it is generally the most reliable indication of legislative intent.  [Citation.]  If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning of the statute controls.”  (*Ibid.*)  To the extent that statutory language may reasonably be given more than one interpretation, we may “employ various extrinsic aids, including a consideration of the purpose of the statute, the evils to be remedied, the legislative history, public policy, and the statutory scheme encompassing the statute.  [Citation.]”  (*In re Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1214.)

The statutory language provides that any violations of the ASFA may be corrected, but makes a distinction between willful and nonwillful violations.  A *willful* violation may be

corrected only if (1) the violation appears on the face of the contract; and (2) the violation "is corrected within 30 days of the execution of the contract or within 20 days of its sale, assignment or pledge, whichever is later . . . ." A *nonwillful* violation may be corrected at any time, but not later than 10 days of notice in writing by the buyer of a failure to comply with the ASFA. (Civ. Code, § 2984 ["If notified in writing by the buyer of such a failure to comply with any provision of this chapter, the correction shall be made within 10 days of notice"].)

An interpretation which would permit all corrections so long as they were performed within 10 days of notification in writing by the buyer would eliminate the distinction between willful and nonwillful violations. We must avoid an interpretation that renders portions of a statute inoperable. (*Hassan v. Mercy American River Hospital* (2003) 31 Cal.4th 709, 715-716.) Further, an interpretation that would permit corrections for both willful and nonwillful violations even years after a violation, so long as a buyer notifies a seller in writing and the correction is made within 10 days of the notification, would yield absurd results. A seller who willfully violates the ASFA would be incentivized to not correct a contract, knowing that, at worst, if a buyer sends the seller a notice of correction, it could avoid liability by simply correcting the contract within 10 days; and, at best, if the buyer never gives the seller written notice, it could avoid both liability and correcting the contract. We must avoid interpretation of a statute that "would lead to absurd consequences." (*People v. Jenkins* (1995) 10 Cal.4th 234, 246.) If a statute is amenable to two alternative interpretations, the one "which leads to the more reasonable result" will be followed. (*Metropolitan Water Dist. of Southern California v. Adams* (1948) 32 Cal.2d 620, 630-631.)

The trial court found that the correction was timely because it was made within 10 days of defendant receiving notice from plaintiffs regarding the ASFA violations. However, the 10-day correction provision only applied if the violation was nonwillful. The trial court did not make an express finding that the violation was nonwillful; we may thus affirm only if we can imply a finding of nonwillfulness that is supported by substantial evidence. We determine that no substantial evidence of nonwillfulness was presented at trial.

///

7

Timely correction under Civil Code section 2984 was a "safe harbor" provision exempting a dealer from liability due to noncompliance with the ASFA. Timely correction was thus an affirmative defense (Evid. Code, § 500), which defendant had to prove by a preponderance of the evidence (Evid. Code, § 115). (See *Salazar v. Maradeaga* (1992) 10 Cal.App.4th Supp. 1, 5 ["'An "affirmative defense" is one which "sets forth facts from which it results that, notwithstanding the truth of the allegations of the complaint, no cause of action existed in the plaintiff at the time the action was brought." [Citation.]'"].)

Because it did not correct the contract within 30 days of the sale or 20 days of the execution of the contract, defendant had to show that the ASFA violation was nonwillful. "'In civil cases, the word "willful," as ordinarily used in courts of law, does not necessarily imply anything blamable, or any malice or wrong toward the other party, or perverseness or moral delinquency, but merely that the thing done or omitted to be done was done or omitted intentionally. It amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent.' [Citations.] [Citations.]" (*Baker v. American Horticulture Supply, Inc.* (2010) 185 Cal.App.4th 1295, 1310-1311.)

Defendant asserted in its answer the Civil Code section 2984 affirmative defense, and presented evidence at trial that it sent a corrected RISC to plaintiffs. However, it presented no evidence that the violation of the ASFA that it sought to correct was nonwillful. While the court erroneously found that the correction complied with Civil Code section 2984, it was correct when it noted that "[defendant] provided no explanation whatsoever as to why [the RISC] was written the way it was, i.e. no itemization for a trade-in . . . or for a deferred down payment . . . ."

Given the lack of evidence of nonwillfulness, defendant was not entitled to use the 10-day correction provision. Because the correction was made in October 2011, it was not made within "30 days of the execution of the contract or within 20 days of its sale, assignment or pledge" (Civ. Code, § 2984) in May 2011, and therefore the correction did not provide a valid defense to the ASFA action.

8

C.    Plaintiffs Did Not Waive the Requirement of a Timely Correction

In addition to finding that the correction was timely under Civil Code section 2984, the trial court also found that the correction was valid because plaintiffs waived any untimeliness by providing defendant in their demand letter 30 days to correct the violations. We agree with plaintiffs that, since the issue turned on undisputed facts and the issue of law regarding whether the facts established a waiver, we must review the question of waiver de novo. (*Saint Agnes Med. Ctr. v. Pacificare of Calif.* (2003) 31 Cal.4th 1187, 1196.)

"'Waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts.' The burden, moreover, is on the party claiming a waiver of a right to prove it by clear and convincing evidence that does not leave the matter to speculation, and 'doubtful cases will be decided against a waiver.' [Citations.]" (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 31.)

Defendant did not satisfy its burden of proving that the demand letter constituted a waiver of Civil Code section 2984's timeliness requirement. Fairly read, defendant's demand letter only provided defendant 30 days to remedy "the violations listed above" regarding the "Individual CLRA Demand," not regarding the ASFA violations. The CLRA requires that a consumer wait until after 30 days from its notification of a person alleged to have violated the CLRA to comply with the act prior to commencing a legal action. (Civ. Code, § 1782, subd. (a).) The contents of plaintiffs' demand letter show it was intended only to comply with the CLRA notice provision.

Moreover, a waiver of a statutory right may only be found if "it appears that the party executing it had been fully informed of the existence of that right, its meaning, the effect of the 'waiver' presented to him, and his full understanding of the explanation. [Citation.]" (*Bauman v. Islay Investments* (1973) 30 Cal.App.3d 752, 758.) The demand letter exhibited none of these indicia. It also failed to clearly indicate that plaintiffs' intention was to waive the notice provisions in Civil Code section 2984.

Finally, Civil Code section 3513 provides that "Any one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be

9

contravened by a private agreement." The AFSA was enacted for a public reason: to provide consumer protection and incentives to vehicle sellers to comply with the law. (*Nelson v. Pearson Ford Co.* (2010) 186 Cal.App.4th 983, 999-1000.) To the extent that plaintiffs' demand letter waived the timeliness provisions of Civil Code section 2984, the waiver was unenforceable due to Civil Code section 3513.

## IV.  DISPOSITION

The judgment is reversed.  Plaintiffs to recover costs on appeal.


Ricciardulli, J.

We concur.


Kumar, Acting P. J.


Keosian, J.

10