Filed 8/1/23  Chavez v. Golden Auto Group CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ISSAYD CHAVEZ, | |
| Plaintiff and Respondent, | E078712 |
| v. | (Super. Ct. No. RIC2000992) |
| GOLDEN AUTO GROUP, INC. et al., | OPINION |
| Defendants and Appellants. | |

APPEAL from the Superior Court of Riverside County.  John W. Vineyard, Judge.  Affirmed.

Cedar Adams and Adam K. Obeid, for Defendants and Appellants.

Rosner, Barry & Babbitt, Auto Fraud Legal Center, Christopher P. Barry and Arlyn L. Escalante, for Plaintiff and Respondent.

1

## I.

## INTRODUCTION

Plaintiff and respondent Issayd Chavez bought a used car from appellant Golden Auto Group, Inc., after negotiating a downpayment schedule. But the purchase's Retail Installment Sale Contract (RISC), which Golden later assigned to appellant Mechanics Bank, did not accurately reflect the schedule. Chavez therefore sued appellants for various causes of action, including one under the Automobile Sales Finance Act (Civ. Code § 2981 et seq.; ASFA[1]), also known as the Rees-Levering Act.

After a bifurcated bench trial on Chavez's ASFA claim, the trial court found the RISC violated the ASFA because it did not accurately reflect the parties' downpayment agreement. The trial court ordered rescission of the car purchase, awarded Chavez about $16,000 in damages, and entered judgment in his favor on his ASFA claim. Chavez then dismissed his other claims, and appellants appealed. We affirm.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Chavez bought a used car from Golden on June 22, 2019. The parties agreed he would pay a $2,000 downpayment, consisting of $1,000 down on the date of purchase and then another $1,000 in three installments drawn from his bank account: $333 on July 8, 2019, $333 on July 20, 2019, and $334 on August 5, 2019. Chavez's monthly payments would then begin on August 6, 2019.

---

[1] All further statutory references are to the Civil Code.

2

The RISC, however, does not reflect the parties' down payment agreement. Instead, the RISC states only that Chavez paid a $2,000 downpayment in "Cash, Cash Equivalent, Check, Credit Card, or Debit Card," and that he would pay no "[d]eferred [d]ownpayment[s]." The RISC thus shows that Chavez paid $2,000 downpayment on the date of sale, not that he made a $1,000 downpayment on that date and then three installments in the following months.

After the purchase, Golden assigned the RISC to Mechanics Bank. The assignment provides that Mechanics Bank is liable for all claims and defenses that Chavez could assert against Golden.

Chavez later came to believe that the car was substandard and that Golden had made several misrepresentations and violated various statutes during the sale. Chavez therefore sued Golden, its surety, and Mechanics Bank, alleging claims under the ASFA and other consumer-protection statutes, as well as claims for fraudulent and negligent misrepresentations.

The case proceeded to a bifurcated trial on Chavez's ASFA claim on stipulated facts. The trial court found Golden had committed "a clear violation" of the ASFA, ordered Chavez to return the car, and awarded him $15,995.90 in "[r]escission [d]amages." Chavez later dismissed his remaining claims and the trial court entered judgment for him. Appellants timely appealed.

III.

DISCUSSION

Appellants contend the trial court erroneously found that Golden violated the ASFA and erroneously entered judgment for Chavez. We disagree.

The ASFA requires car dealers to disclose all the terms of a conditional sale contract in a single document.[2] (*Raceway Ford Cases* (2016) 2 Cal.5th 161, 165-166.) If a conditional sale contract violates this so-called "single document rule," the contract is "unenforceable and the buyer may recover the total amount paid to the seller." (*Rojas v. Platinum Auto Group, Inc.* (2013) 212 Cal.App.4th 997, 1002 (*Rojas*).)

Among other things, the single document "must itemize the purchaser's downpayment." (*Rojas*, *supra*, 212 Cal.App.4th at p. 1002.) The itemization must state: "(A) The agreed value of the property being traded in. [¶] (B) The prior credit or lease balance, if any, owing on the property being traded in. [¶] (C) The net agreed value of the property being traded in . . . . [¶] (D) The amount of any portion of the downpayment to be deferred until not later than the due date of the second regularly scheduled installment under the contract . . . . [¶] (E) The amount of any manufacturer's rebate . . . . [¶] (F) The remaining amount paid or to be paid by the buyer as a downpayment. [¶] [AND] (G) The total downpayment . . . ." (§ 2982, subd. (a)(6).)

---

[2] No one disputes that the RISC is a conditional sale contract covered by the ASFA.

4

Chavez and Golden agreed that he would pay a $2,000 downpayment, consisting of $1,000 on the day of the purchase and another $1,000 in three separate installments. The RISC, however, states that Chavez put down a single $2,000 downpayment with no further installments. We agree with the trial court that this is "a clear violation" of the ASFA. As a result, the RISC is unenforceable and Chavez was entitled to recover the amount he paid to Golden ($15,995.50). (See *Rojas*, *supra*, 212 Cal.App.4th at p. 1003; see also § 2983, 2983.1, subd. (d).) The trial court therefore properly rescinded the RISC and awarded Chavez $15,995.50 in damages. Appellants argue otherwise for several reasons, none of which has merit.

First, appellants argue the three installments Chavez agreed to make do not constitute a "deferred downpayment" under the ASFA. They correctly observe that the ASFA does not define "deferred downpayment," but provides that a "downpayment" also includes "the amount of any portion of the downpayment the payment of which is deferred until not later than the due date of the second otherwise scheduled payment." (§ 2981, subd. (g).) Appellants thus argue that the installments do are not "deferred downpayments" under the ASFA—and thus did not need to be itemized in the RISC— because they were due before Chavez began making scheduled payments.

Appellants misread section 2981, subdivision (g). The statute defines a "deferred downpayment" as any portion of the downpayment that is deferred *at the latest* until the purchaser's second scheduled payment. Chavez's three downpayment installments were made after the purchase but before his first schedule payment was due. Those

installments thus are "deferred downpayments" section 2981, subdivision (g), and had to be itemized on the RISC. (See *Rojas*, *supra*, 212 Cal.App.4th at pp. 1002-1003 [plaintiff's four installments after car purchase were "deferred downpayments" that had to be itemized under section 2982, subdivision (a)(6)]; accord, *Munoz v. Express Auto Sales* (2014) 222 Cal.App.4th Supp. 1, 5 [same as to two $250 cash payments made within month of sale].) Because they were not, Golden violated the ASFA.

Appellants next argue Golden did not violate the ASFA because it "substantially complied" with its requirements. That may be, but substantial compliance cannot preclude appellants' liability for Golden's ASFA violation. (*Rojas*, *supra*, 212 Cal.App.4th at pp. 1003-1004.)

Next, appellants argue they should not be held liable for any ASFA violation because Chavez suffered no harm. But "the purpose and history of [the ASFA] establish that [Chavez] need not have suffered actual damage from [Golden's] violation of the statute's disclosure requirements" to recover on his ASFA claim. (*Rojas*, *supra*, 212 Cal.App.4th at p. 1005.)

Appellants then argue Mechanics Bank, as a "bona fide assigned for value," cannot be liable for "the downpayment issue." But, as appellants acknowledge, nothing in the record suggests they made this argument in the trial court.[3] We therefore decline

---

[3] Appellants claim they made the argument orally at trial, but there is no reporter's transcript of the proceedings. Appellants bear the burden of providing an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)

6

to consider it. (See *People v. Seijas* (2005) 36 Cal.4th 291, 301-302 [appellant forfeits argument not made in the trial court].)

Finally, appellants argue the trial court erred by disregarding three of its affirmative defenses. Again, nothing in the record suggests appellants advanced these defenses in the trial court, so we decline to consider them for the first time on appeal. (See *Park Place Estates Homeowners Assn. v. Naber* (1994) 29 Cal.App.4th 427, 433.)

IV.

DISPOSITION

The judgment is affirmed. Plaintiff may recover his costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

McKINSTER
Acting P. J.

MILLER
J.

7